# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY DWAYNE MICENHEIMER,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>CDCR PERSONNEL IN THEIR INDIVIDUAL CAPACITY,<br><br>　　　　　　Defendants. | Case No. CV 16-4314-CJC (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Cory Dwayne Micenheimer ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

**SCREENING STANDARDS**

In accordance with the provisions of the Prison Litigation Reform Act of 1995, the Court must screen the FAC before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't,

901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be

dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that the Complaint must be **DISMISSED WITH LEAVE TO AMEND.**

## FACTUAL ALLEGATIONS

Plaintiff's claims arise out of his confinement at California State Prison Los Angeles County ("CSP-LAC"). He names "CDCR Personnel In Their Individual Capacity" as Defendants in the caption of the Complaint. (Complaint at 1.) In the body of the Complaint, however, Plaintiff names P. Finander, S. Morris, and P. Shank as Defendants. (Id. at 3.) All Defendants are sued in their individual capacities. (Id.)

Plaintiff alleges that Defendants were deliberately indifferent to a substantial risk of serious harm to him, in violation of his Eighth and Fourteenth Amendment rights. (Id. at 5.) Plaintiff alleges that he was denied appropriate medical care, forced to endure severe pain, denied adequate therapy, forced to walk with a buckling right knee with no cane, left to develop a crippling hand disability, left to develop a deformity in his shoulder and hand, and forced to go without ice packs. (Id.) He also references a "data breach." (Id.) Rather than articulate the facts that give rise to his deliberate indifference claim, Plaintiff attaches numerous pages of medical and other records.

## DISCUSSION

I. **PLAINTIFF MUST NAME ALL DEFENDANTS IN THE CAPTION.**

Plaintiff's caption lists "CDCR Personnel In Their Individual Capacity" as defendants. (Complaint at 1.) On page 3 of the Complaint, however, Plaintiff lists the defendants as P. Finander, S. Morris, and P. Shank, in their individual capacities.

The individuals named as "defendants" only in the body of the Complaint have not been presented properly as parties, and the Court does not recognize them as defendants in this action. If Plaintiff files an amended complaint, he **must include in the caption the names of each defendant against whom he is asserting a claim**. See Fed. R. Civ. P.

10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption). Thus, Plaintiff must list P. Finander, S. Morris, and P. Shank in the caption on page 1 of any amended complaint. The Court will not order the United States Marshal to serve the amended complaint on any named defendant not identified in the caption.

## II.  THE COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 10.

Fed. R. Civ. P. 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). "Separate counts will be required if necessary to enable the defendant to frame a responsive pleading or to enable the court and the other parties to understand the claims." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000) (citation omitted). "Courts have required separate counts where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation." Id. at 840-41. "In such cases, separate counts permit pleadings to serve their intended purpose to frame the issue and provide the basis for informed pretrial proceedings." Id. at 841. "'Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.'" Id. (citations omitted).

Here, it is not clear whether Plaintiff is attempting to assert a single claim or more than one claim for deliberate indifference to his serious medical needs. He lists, in conclusory fashion, several ways that he was allegedly denied appropriate medical care (Complaint at 3), and then proceeds to refer to dozens of pages of attached medical records. Plaintiff has not separately set forth his claim or claims – including the supporting facts for each claim – as separate counts or explained the factual basis for each count, so

as to allow the Court and Defendants to understand the scope and nature of Plaintiff's allegations.

Accordingly, the Complaint is subject to dismissal pursuant to Rule 10 because it appears to improperly mix allegations apparently related to different claims. If Plaintiff wishes to filed an amended complaint, he must set forth each deliberate indifference claim (if he has more than one claim) as a separate count by clearly numbering and distinguishing from one another every separate deliberate indifference claim if it has arisen from a separate incident or set of facts. Any claim that is not clearly numbered or separated from all other claims <u>and</u> accompanied with the alleged facts supporting that claim will not be addressed as a separate claim for relief. He must re-allege all facts that support his claims. He may not refer back to the Complaint.

### III. THE COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 8.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Twombly</u>, 550 U.S. at 555 (internal citation omitted). To comply with Rule 8, a plaintiff should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996). Conclusory allegations are insufficient. <u>See</u> <u>Iqbal</u>, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; a pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks and citation omitted).

The Complaint does not comply with the standards of Rule 8. As set forth above, Plaintiff's allegations fail to clearly identify each individual claim, the incident(s) giving rise to each claim, and the specific Defendants Plaintiff believes are liable for each of those claims. Plaintiff must state all of his factual allegations according to the claims that he is asserting. The Court is not required to sort through Plaintiff's allegations and all of the attached documents in search of viable claims, <u>Independent Towers of Wash. v. Wash.</u>,

350 F.3d 925, 929 (9th Cir. 2003); see Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994), and Plaintiff's failure to plainly and succinctly provide each defendant with fair notice of the bases for his allegations violates Rule 8. See Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011); see also American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) ("[A] pro se litigant is not excused from knowing the most basic pleading requirements."). Merely attaching dozens of documents, without specific allegations demonstrating how those documents support his claims, is not sufficient.

In sum, the Complaint is subject to dismissal under Rule 8.

## IV. CLAIM FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS.

The state must provide medical care to prisoners because their incarceration has deprived them of the ability to secure medical care for themselves. Estelle v. Gamble, 429 U.S. 97, 103 (1976); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Failure to provide medical care may violate the Cruel and Unusual Punishment Clause of the Eighth Amendment if it amounts to deliberate indifference to a prisoner's serious medical needs. Estelle, 429 U.S. at 104

A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). A serious medical need exists if failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. McGuckin, 974 F.2d at 1059. Examples of serious medical needs include: '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Id. at 1059-60.

Deliberate indifference requires that defendants purposefully ignore or fail to respond to the prisoner's pain or medical need. McGuckin, 974 F.2d at 1060. Deliberate

indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison physicians provide medical care." Id. at 1059; see Estelle, 429 U.S. at 104-05. However, an inadvertent or negligent failure to provide medical care does not constitute deliberate indifference. Estelle, 429 U.S. at 105-06. When medical treatment is delayed rather than denied, the delay generally amounts to deliberate indifference only if it caused further harm. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985); see also Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002) (delayed dental care did not violate Eighth Amendment because plaintiffs did not show that "delays occurred to patients with problems so severe that delays would cause significant harm").

Plaintiff alleges that he was: "Denied appropriate medical care. Forced to endure severe pain. Denied adequate therapy. Forced to walk with a buckling right knee with no cane. Forced to develop[] a crippling handicap in the left hand. Forced to develop[] a deformity in the left shoulder and left hand middle finger. Forced to go without ice packs. Intentional infliction of handicapping a bodily part with life duration significance. Notice of data breach." (Complaint at 3.) These allegations are wholly conclusory and devoid of supporting facts. As stated above, merely making these conclusory statements and attaching dozens of medical records is insufficient to adequately set forth a deliberate indifference claim.

It appears that Plaintiff could amend his pleadings to allege sufficient facts establishing that defendants failed to provide, or delayed in providing, him with medical care and that such failure or delay constituted deliberate indifference to serious medical needs. However, Plaintiff must amend his claim to set forth the facts in a more coherent fashion that establishes that any lack of medical care was purposeful and was more than mere negligence. To the extent that Plaintiff bases his claim on a delay in medical care, he allege facts showing that such delay caused further harm. Again, Plaintiff must re-state all facts that support this claim.

*************

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

DATED: August 8, 2016

　　　　　　　　　　　　　　　　　　*/s/ John E. McDermott*
　　　　　　　　　　　　　　　　　　JOHN E. MCDERMOTT
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE